| | | |
|---|---|---|
| **SAFE HARBOR MARINAS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 5:18-cv-00315-MTT** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SAFE HARBOR DEVELOPMENT, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PROTECTIVE ORDER OF CONFIDENTIALITY

WHEREAS, Plaintiff Safe Harbor Marinas, LLC, (hereinafter, "Plaintiff" or "SHM"),

and Defendant Safe Harbor Development, LLC, (hereinafter, "Defendant" or "SHD"),

collectively referred to herein as, "the Parties", by and through their undersigned respective

counsel, have jointly stipulated to the following protective order; and

WHEREAS, the Parties anticipate that they will make available in discovery certain

information of a confidential nature; and

WHEREAS, the Parties have agreed that the following restrictions shall apply to such

information;

IT IS THEREFORE ORDERED, pursuant to Fed. R. Civ. P. 26(c), the following

Protective Order is entered by the Court.

## Proceedings and Information Governed

1.      This Protective Order and any amendments or modifications hereto ("Protective

Order") shall govern any document, information or other thing furnished by any party, to any

other party, and includes non-parties who receive a subpoena in connection with this action. The

information protected includes, but is not limited to, answers to interrogatories, answers to

requests for admission, responses to requests for production of documents, deposition testimony, transcripts and videotapes, deposition exhibits, and other writings or things produced, given or filed in this action that are designated by a party as "Confidential", (or similarly "Confidential Information") or "Highly Confidential/Attorneys' Eyes Only", (or, similarly, "Highly Confidential" and/or "Attorneys' Eyes Only"), in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if any document, information or thing is not designated as "Confidential" or "Highly Confidential/Attorneys' Eyes Only," if a document, information or thing is so designated but the designating party consents in writing to such disclosure, or if the Court allows such disclosure.

**Designation and Maintenance of Information**

2.      For purposes of this Protective Order, 1) the "Confidential" designation shall mean that, based on a good faith belief, the document is comprised of trade secrets or commercial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(7), and 2) the "Highly Confidential/Attorneys' Eyes Only" designation shall mean that, based on a good faith belief, the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial information, technical information, marketing information, customer lists, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter or other information required by law or agreement to be kept confidential.

3.      <u>Non-Confidential Material</u> – No party shall designate publicly available documents or information as being "Confidential" or "Attorneys' Eyes Only." Further, this Protective Order shall not be construed: (a) to prevent any party or its attorneys from making use of information which was lawfully in its possession prior to its disclosure by the producing party; (b) to apply to information which appears in public records, printed publications or otherwise becomes publicly known; (c) to apply to information which any party or its attorneys has, after disclosure by the producing party, lawfully obtained from a third party having the right to disclose such information; or (d) to apply to information which any party independently and lawfully develops.

4.      Documents and things produced during the course of this litigation within the scope of paragraph 2, subpart 1) above, may be designated by the producing party as containing Confidential information by placing on each page and each thing a legend substantially as follows: "**CONFIDENTIAL**." Documents and things produced during the course of this litigation within the scope of paragraph 2, subpart 2) above may be designated by the producing party as containing Highly Confidential/Attorneys' Eyes Only information by placing on each page and each thing a legend substantially as follows: "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" or, simply, "**ATTORNEYS' EYES ONLY**." Wherever practicable, the designation of documents and things as being "Confidential" or "Attorneys' Eyes Only" shall be made prior to, or contemporaneously with, the production or disclosure of such documents and things.

**5.**      In the case of electronically stored documents and things produced in native format, a party shall designate Confidential Information or Highly Confidential/Attorneys' Eyes Only information by including "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL –**

**ATTORNEYS' EYES ONLY"** or, simply, **"ATTORNEYS' EYES ONLY"** in the file or

directory name, or by affixing the legend **"CONFIDENTIAL"** or **"HIGHLY**

**CONFIDENTIAL – ATTORNEYS' EYES ONLY"** or, simply, **"ATTORNEYS' EYES**

**ONLY"** to the media containing the Discovery Material (e.g., CD-ROM, thumb drive, floppy

disk, DVD, etc.).

6.      A party may designate information disclosed at a deposition or hearing as

Confidential Information or Highly Confidential/Attorneys' Eyes Only information by

requesting the reporter to so designate the transcript or any portion thereof at the time of the

deposition or hearing. If no such designation is made at the time of the deposition or hearing, any

party shall have thirty (30) calendar days after receipt of a transcript or recording of a deposition

or other hearing to designate in writing to the other parties and to the court reporter, whether any

portion of the transcript is to be designated as Confidential information or Attorneys' Eyes Only

information. If no such designation is made at the deposition or hearing within such thirty (30)

calendar day period (during which period, the transcript shall be treated as Attorneys' Eyes Only

information, unless the disclosing party consents to less confidential treatment of the

information), the entire deposition will be considered devoid of Confidential information or

Attorneys' Eyes Only information. Each party and the court reporter shall attach a copy of any

final and timely written designation notice to the transcript and each copy thereof in its

possession, custody or control, and the portions designated in such notice shall thereafter be

treated in accordance with this Protective Order. Transcript pages containing Confidential

information or Attorneys' Eyes Only information must be separately bound by the court reporter,

who must affix to the top of each such page the legend "Confidential" or "Highly

Confidential/Attorneys' Eyes Only," as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

7.      It is the responsibility of counsel for each party to maintain materials containing Confidential information or Highly Confidential/Attorneys' Eyes Only information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate**

8.      Any party who inadvertently fails to designate items as "Confidential" or "Attorneys' Eyes Only" shall have thirty (30) days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced items that bear the corrected designation. Any inadvertent failure to designate production shall not be deemed to be a waiver of the attorney-client privilege, work product doctrine or any other applicable privilege or doctrine. Any party receiving such inadvertently unmarked items shall make reasonable efforts to retrieve items distributed to persons who are not entitled to receive items with the corrected designation and shall make a reasonable attempt to secure from such individuals an executed Confidentiality Agreement Declaration. If the receiving party is subject to excessive costs or burden in connection with undertaking to comply with this paragraph, then the producing party shall reimburse the receiving party for the reasonable expenses incurred in connection therewith.

**Challenge to Designations**

9.      A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party

change the designation. The producing party shall then have fourteen (14) days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation, or such other time as agreed by the parties or ordered by the Court. If the parties are unable to reach agreement after the expiration of this fourteen (14) day time frame, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information**

10.     Information designated as Confidential information or Highly Confidential/Attorneys' Eyes Only information may only be used for purposes of preparation, trial, and appeal of this action. It shall be maintained in the strictest confidence by all counsel and persons to whom disclosure is made pursuant to this Protective Order, and shall be used only for purposes of this suit, and shall not be disclosed to anyone other than the persons and in the manner described herein.

11.     Any item designated as "Confidential" may be disclosed only to the following persons: (a) attorneys of record for the Parties in this action and their staff members; (b) experts or consultants hired by or consulted by such attorneys in connection with this case and their staff members; (c) the Court and Court personnel, including stenographic reporters, mediators and arbitrators, to the extent reasonably necessary for the conduct of this case; (d) current officers, directors, in-house counsel or employees of the parties to the extent reasonably necessary to allow them to assist attorneys of record in this case; (e) any person who has been noticed for deposition or as a witness at trial, provided however that such disclosure may only occur for the

purpose of conducting the deposition or examination of the person, or assisting in the preparation of such person for deposition or examination at trial and only if counsel has a good faith belief that the witness has relevant information regarding the Confidential documents and things; and (f) other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered..

12.     Prior to disclosure of "Confidential" items to persons identified in paragraph 11.b, 11.e, or 11.f, such persons shall first execute a copy of the Confidentiality Agreement. A copy of each executed Confidentiality Agreement shall be maintained by counsel for the party making such disclosure.

13.     Any item designated as "Highly Confidential/Attorneys' Eyes Only" may be disclosed only to the following persons: (a) attorneys of record for the Parties in this action and their staff members; (b) experts retained or specifically employed by a party to provide expert testimony in the case and their staff members (provided they first execute a copy of the Confidentiality Agreement); (c) in-house counsel for the Parties working on the case; and (d) the Court and Court personnel, including stenographic reporters, mediators and arbitrators, to the extent reasonably necessary for the conduct of this case. Items designated as "Highly Confidential/Attorneys' Eyes Only" may not be disclosed to the parties or any other non-party to this case except as provided for herein.

14.     Confidential information or Highly Confidential/Attorneys' Eyes Only information may be disclosed to a person not already allowed access to such information under this Protective Order if: (a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a Rule 30(b)(6) designee; or (b) counsel for the party designating the

material agrees in writing (via email or otherwise) or "on the record" at a deposition or hearing and transcribed by a court reporter that the material may be disclosed to the person. In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the judge, and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information**

15.     The existence of this Protective Order may be disclosed to any non-party producing documents, tangible things or testimony in this action. Any non-party producing documents, tangible things or testimony in this action may designate such documents, tangible things or testimony "Confidential" pursuant to this Protective Order.

**Redaction of Non-Party Highly Confidential Financial Information**

16.     In addition to the above-discussed documents which may contain information that one or more of the parties deems "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only," the parties anticipate that they will make available in discovery certain documents comprising highly sensitive financial information and/or personal identifier information of third parties, such as, for example, documents comprising photocopies of third-party personal checks, credit card payment forms, bank wire transfer forms, or the like; which may include, for example, bank account numbers, credit card numbers, social security numbers, and/or other highly sensitive financial information of third parties. In view of the requirements of Federal Rule of Civil Procedure 5.2 and the Court's Judicial Conference Privacy Policy for Electronic Case Files concerning the filing with the Court of any information containing highly sensitive

financial information and/or personal identifier information of third parties, a party producing a document containing highly sensitive financial information and/or personal identifier information of a third party may redact those portions of the document containing such highly sensitive financial information and/or personal identifier information, including, but not necessarily limited to, any financial account numbers, credit card numbers, website user names, passwords, social security numbers, tax identification numbers, dates of birth, names of known minors, and/or account balance information of any third party. Information comprising the names and/or addresses of adult third parties or the names and/or addresses of businesses or financial institutions shall not be redacted from documents produced in discovery.

**Filing Documents with the Court**

17.     If a party desires to file transcripts, depositions, exhibits, answers to interrogatories, and other documents filed with the Court during this action which have been designated by any party as "Confidential" or "Highly Confidential/Attorneys' Eyes Only," or to reproduce or paraphrase such protected information within pleadings and memoranda, that party shall take all steps required by the Federal Rules of Civil Procedure and the Court's Local Rules to file such Confidential portions under seal.

The parties acknowledge that the decision to seal a document or filing is a matter for the Court's discretion pursuant to Fed. R. Civ. P. 26(c) and the Court's Local Rules. If the Court unseals a document that was previously designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY," a party may request that the document be withdrawn, in order to avoid the public disclosure thereof.

Nothing in this Protective Order addresses the use or disclosure of any Confidential Information at trial or at any hearing in this Action. Notwithstanding the foregoing, in the

absence of an order of the Court on such a procedure, the Moving Parties will confer and attempt to agree to a general procedure for the use of Confidential Information prior to any trial or hearing. In the event that any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" material is used in any Court proceeding in connection with this action, it shall not lose its confidential status through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

**No Prejudice**

18.    Nothing contained in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent. Producing or receiving Confidential information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Confidential information or Highly Confidential/Attorneys' Eyes Only information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Conclusion of Litigation**

19.    All provisions of this Protective Order restricting the communication or use of "Confidential" or "Highly Confidential/Attorneys' Eyes Only" material shall continue to be

binding after the conclusion of this action, unless otherwise agreed in writing by the Parties hereto or ordered by a court of competent jurisdiction. Upon request of the party or non-party who provided material designated "Confidential" or "Highly Confidential/Attorneys' Eyes Only" made within 90 days after the later of the conclusion of the action or exhaustion of all appeals, any person in the possession of such "Confidential" or "Highly Confidential/Attorneys' Eyes Only" material shall either (a) return such documents no later than thirty (30) days after the request of the party or non-party who provided such information; or (b) destroy such documents within such time period and certify in writing within the thirty (30) day period that the documents have been destroyed. Notwithstanding the foregoing, each party's outside counsel and the Court may retain an archival set of pleadings, motions, orders, discovery, hearing or trial transcripts, other work product of such outside counsel, and any exhibits thereto, even if it contains "Confidential" or "Highly Confidential/Attorneys' Eyes Only" material. The "Confidential" or "Highly Confidential/Attorneys' Eyes Only" material in outside counsel's archival copies shall remain subject to all obligations of this Protective Order.

**Other Proceedings.**

20.     By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a subpoena or other lawfully issued motion or order to disclose another party's information designated Confidential or Highly Confidential/Attorneys' Eyes Only pursuant to this Protective Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed. No compulsory disclosure to third parties of material exchanged under this Order shall be deemed a

waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

**Relief.**

21.     Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Protective Order.

22.     The Court shall retain jurisdiction of this Action and over those subject to this Order after termination of this Action to the extent necessary to enforce this Order.

Submitted this 10th day of **May, 2019**.


*/s/* David J. Stewart                              */s/* John G. Perry
Counsel for Plaintiff                            Counsel for Defendant
**SAFE HARBOR MARINAS LLC**          **SAFE HARBOR DEVELOPMENT LLC**


The Court, having reviewed the information contained in the above Stipulated Protective Order of Confidentiality filed jointly by the parties to this action, hereby **ADOPTS** the Order and **MAKES IT THE ORDER OF THE COURT**.

**SO ORDERED,** this __th day of May, 2019.


s/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT